# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES MIMS, JR., ) | |
| ) | 8:04CV511 |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's motions to appoint guardians ad litem, to stay this proceeding for ninety days, and for a protection order (Filing No. 17). Ms. Cotton informed the court of her intent to seek a stay of these proceedings due to the health condition of the plaintiff during an October 23, 2005 telephone conference with the parties' counsel. **See** Filing No. 16. The plaintiff timely filed the instant motion pursuant to the court's October 4, 2005 Order (Filing No. 16). The October 4, 2005 Order further allowed the defendant to respond to any motion to stay on or before October 26, 2005.

In support of the plaintiff's motion to appoint guardians ad litem, the plaintiff's counsel provided the court an Exhibit A via facsimile. The plaintiff's counsel also represented that she transmitted a copy of Exhibit A to opposing counsel and that such transmission would take an extra day, though the method of transmission was not otherwise indicated. No proof of service on the opposing party as to Exhibit A was filed with the court. **See** NECivR 7.1(k). Exhibit A is correspondence the plaintiff's health care provider concerning his health condition. No affidavit authenticating Exhibit A was provided to the court. **See** NECivR 7.1(a)(2)(C). Nor did the plaintiff's counsel file or provide the court with a brief stating concisely the reasons for the motion and the legal authorities relied upon. **See** NECivR 7.1(a)(1)(A). Whether or not Rule 17(c) of the Federal Rules of Civil Procedure applies in this case is a substantial issue of law. The plaintiff is also reminded that any factual matters not established by the pleadings must be supported by evidence, and any evidentiary materials not already on file with the court

are required to be contemporaneously filed with the motion, and identified and authenticated by affidavit. **See** NECivR 7.1(a)(2).

The plaintiff's motion is also deficient for failing to comply with the United States District Court for the District of Nebraska Civil Rules regarding discovery motions. First, the plaintiff failed to file a brief to accompany the motion for a protective order, which raises substantial issues of law. **See** NECivR 7.1(a)(1)(A). Second, the motion for a protective order does not show in the text of the motion that the plaintiff's counsel made unsuccessful attempts to resolve the discovery dispute evidenced by the motion for protective order as required by NECivR 7.1(i). NECivR 7.1(i) states:

> To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after **personal consultation** with counsel for opposing parties and **sincere attempts** to resolve differences, they are unable to reach an accord. This showing shall also recite the **date, time and place of such conference** and the **names of all persons** participating in them.

NECivR 7.1(i) (emphasis added); **see also** NECivR 7.1(i)(1) (defining personal consultation).

Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion to appoint a guardian ad litem (Filing No. 17) is held in abeyance. The plaintiff shall have **to on or before November 2, 2005**, to file with the court a brief, and an index of evidence and any further evidence required, in support of the motion to appoint a guardian ad litem. Should the plaintiff fail to support the motion to appoint a guardian ad litem as provided by the United States District Court for the District of Nebraska Civil Rules and as set forth herein, the motion will be deemed abandoned as provided for in NECivR 7.1. Should the plaintiff file the required support for the motion as set forth herein, the standard response and reply times provided for in NECivR 7.1(b)(1)(B) and (c) apply.

2. The plaintiff's motion for a protection order is held in abeyance (Filing No. 17). The plaintiff shall personally consult with opposing counsel to determine if a protective order

can be stipulated to by the parties as required by NECivR 7.1(i). If such personal consultation fails, the plaintiff has to **on or before November 2, 2005**, to file with the court a brief, and an index of evidence and any further evidence required, in support of the motion for a protection order. Should the plaintiff fail to support the motion for a protection order as provided by the United States District Court for the District of Nebraska Civil Rules and as set forth herein, the motion will be deemed abandoned as provided for in NECivR 7.1. Should the plaintiff file the required support for the motion as set forth herein, the standard response and reply times provided for in NECivR 7.1(b)(1)(B) and (c) apply.

3. As to the plaintiff's motion for a ninety days' stay of these proceedings (Filing No. 17), the defendant may incorporate any responses to such motion in the defendant's response, if any, to the plaintiff's motions to appoint a guardian ad litem and for protection order. If the plaintiff fails to support the motions to appoint a guardian ad litem and for protection order as set forth herein, the defendant shall have **to on or before November 14, 2005**, to file a response to the plaintiff's motion for a ninety days' stay of these proceedings. The plaintiff shall have the standard time to reply to the defendant's response as provided for in NECivR 7.1(c).

4. The plaintiff's request to place information under seal is granted. The Clerk of Court is ordered to file under seal the plaintiff's Exhibit A and any other exhibits, evidence or briefs which are offered by a party for filing under seal. The parties shall offer to the Clerk of Court for filing under seal any exhibit, evidence, or brief relating to this motion which discusses the plaintiff's confidential health information. Forthwith, the plaintiff shall file the Exhibit A with the Clerk of Court pursuant to NECivR 7.5. Moreover, the plaintiff shall file proof of service of Exhibit A on opposing counsel pursuant to NECivR 7.1(k).

5. These proceedings are otherwise stayed pending the court's order on the plaintiff's motion to appoint guardian ad litem (Filing No. 17).

DATED this 18th day of October, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge