IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES MIMS, JR.,** | ) | |
| | ) | **8:04CV511** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED PARCEL SERVICE,** | ) | |
| | ) | |
| Defendant. | ) | |

 This matter is before the court on the plaintiff's motion to appoint guardians *ad litem*, to stay this proceeding for ninety days, and for a protection order (Filing No. 17). The plaintiff filed a brief (Filing No. 22) and an index of evidence (Filing No. 23) in support of the motion. The defendant filed a brief (Filing No. 24) and an index of evidence (Filing No. 26) in opposition to the motion. The plaintiff did not file a reply.

## BACKGROUND

 The case arises from the plaintiff's employment with the defendant. The plaintiff separated from his employment with the defendant in December 2002. On October 13, 2004, the plaintiff filed this action alleging employment discrimination based on race and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and the Americans with Disabilities Act (ADA) as amended, 42 U.S.C. § 12101, *et seq.* **See** Filing No. 1 (Complaint).

 On October 3, 2005, the court held a planning conference with counsel for the parties. During the telephone conference, counsel for the plaintiff informed the court of her intent to seek a stay and a guardian *ad litem*. The plaintiff timely filed the instant motion pursuant to the court's October 4, 2005 Order (Filing No. 16). However, the court held the motion in abeyance pending compliance with the court's local rules requiring supporting materials.

 The plaintiff's motion seeks to stay proceedings for a period of ninety days and to appoint Mrs. Louise Mims, the plaintiff's mother, and Ms. Charnella Mims, the plaintiff's sister,

as guardians *ad litem* for the plaintiff. The plaintiff alleges he suffers from a medical condition which renders him incompetent to assist with the preparation of the case. Specifically, the plaintiff submitted medical records and the opinion of the plaintiff's psychiatrist, Eugene Oliveto, M.D., to support his allegations. Additionally, counsel for the plaintiff states the plaintiff was unable to complete responses to discovery requests due to his psychological condition. The plaintiff also seeks the court to enter a protective order placing his medical information under seal and prohibiting the defendant from disseminating the medical information to anyone except the corporate representative of the defendant and counsel. Finally, counsel for the plaintiff stated her intent to withdraw from the case after the resolution of the instant motions.

The defendant opposes the plaintiff's motions. The defendant contends the plaintiff filed the motion outside the deadline and extended deadline allowed by the court. Therefore, the motion should be denied as abandoned. Further, the defendant contends the relief sought is unsubstantiated. The defendant states the plaintiff has not yet produced documents as required by Fed. R. Civ. P. 26(a) and this court's April 28, 2005 order (Filing No. 12). The plaintiff has failed to respond to discovery requests served on June 10, 2005. The defendant argues the motion for a stay creates an unnecessary delay and is unsupported by "legitimate reasons." Rather, the defendant seeks a court order demanding the plaintiff to produce all of his medical records within thirty days or be subject to dismissal of the action for failure to prosecute.

## ANALYSIS

### A.   Motion for Guardian *ad litem*

The plaintiff moves for appointment of his mother and/or his sister as guardians *ad litem* to assist him in the prosecution of this case. A court may, in its discretion, appoint a guardian *ad litem* pursuant to Rule 17(c). **M. S. v. Wermers**, 557 F.2d 170, 174 (8th Cir. 1977); **see Allen v. Calderon**, 408 F.3d 1150, 1154 (9th Cir. 2005).

Federal Rule of Civil Procedure 17(c) provides:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. The court shall appoint a guardian *ad litem* for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Thus this court must determine whether the plaintiff is incompetent and requires the appointment of next friends under Rule 17(c). State law provides the controlling authority for determining whether an individual has capacity to sue on his own behalf. **See** Fed. R. Civ. P. 17(b) (stating "[t]he capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile."); **Thomas v. Humfield**, 916 F.2d 1032, 1034-35 (5th Cir. 1990) (finding state law the proper source for determining whether an individual is incompetent and in need of a guardian *ad litem* under Rule 17(c)); Charles Alan Wright, et al., 6A Federal Practice & Procedure: Civil 2d § 1548 at 372 (1990) ("State substantive law usually provides that the general guardian of a minor or incompetent has the legal right to maintain an action in his own name for the benefit of his ward. Under a rule or statute of this type the general guardian is the real party in interest for purposes of Rule 17(a) . . . ."); **see also Neilson v. Colgate-Palmolive Co.**, 199 F.3d 642, 656-57 (2d Cir. 1999) (noting that capacity to sue is determined by reference to state law, and discussing the capacity of a representative to sue in federal and state proceedings). The court turns then to Nebraska law to determine whether the plaintiff requires the representation of guardians in this action.

Under Nebraska law

> The court may appoint a guardian if it is satisfied by clear and convincing evidence that the person for whom a guardian is sought is incapacitated and that the appointment is necessary or desirable as the least restrictive alternative available for providing continuing care or supervision of the person of the person alleged to be incapacitated. If the court finds that a guardianship should be created, the guardianship shall be a

> limited guardianship unless the court finds by clear and convincing evidence that a full guardianship is necessary.

Neb. Rev. Stat. Ann. § 30-2620 (2001).  Additionally,

> Incapacitated person means any person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent that the person lacks sufficient understanding or capacity to make or communicate responsible decisions concerning himself or herself;

Neb. Rev. Stat. Ann. § 30-2601.

Accordingly, the plaintiff must show by clear and convincing evidence that the plaintiff is impaired by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, or other cause that he lacks capacity to make or communicate responsible decisions concerning himself.  Furthermore, the power given to a district court to appoint a guardian *ad litem* "has been broadly interpreted and has not been limited by a narrow construction of the words 'infant' or 'incompetent person.'"  Charles Alan Wright, et al., 6A Federal Practice & Procedure: Civil 2d § 1570 (1990).

The court's primary concern is protection of the interests and rights of the allegedly incompetent individual when determining competency and who should serve as the individual's guardian or next friend.  **See *Fonner v. Fairfax County, VA***, 415 F.3d 325, 330 (4th Cir. 2005) ("'[t]he federal district court may, of course, appoint a guardian ad litem in its discretion' where the district court believes the appointment is in the infant or incompetent's interests.").

> There are no special requirements for serving as a next friend. At its discretion, the court may consider whether there is a significant relationship between the next friend and the incompetent party and whether there is a legitimate reason why the actual party cannot bring suit.  The court may also consider evidence as to whether the incompetent party approves of the suit in question.

***Ingram ex rel. Ingram v. Ainsworth***, 184 F.R.D. 90, 92 (S.D. Miss. 1999) (internal citations omitted).

Here, the plaintiff instigated the action himself, but has since become unable to proceed without assistance. The plaintiff, himself, signed an affidavit agreeing with his attorney that he needs a guardian *ad litem* appointed to assist him with his preparation of this case. The plaintiff specifically requests that either his mother or sister or both are appointed as his guardians *ad litem*. The plaintiff states he suffers from depression and anxiety, particularly associated with his prior employment with the defendant and his termination. The plaintiff is currently under a doctor's care for his psychological problems. The plaintiff and his counsel both described the plaintiff's mental and emotional state while trying to complete discovery associated with this case.

The plaintiff submitted a letter from his psychiatrist, Eugene C. Oliveto, M.D., P.C.. The letter describes the plaintiff's original diagnoses in 2003 and some follow-up therapy. These documents were filed under seal and the court will not repeat the contents here. However, Dr. Oliveto states he agrees the plaintiff would benefit from a guardian *ad litem*.

The defendant does no dispute the content of the evidence supplied by the plaintiff. However, the defendant contends the plaintiff has failed to meet his burden of showing the necessity for a guardian *ad litem*. The defendant argues the evidence does not show the plaintiff is incompetent. Further, the defendant contends the discovery requests are not invasive.

Based on the evidence before the court, the court finds the plaintiff has met his burden of showing clear and convincing evidence that he is impaired by a mental disorder. Further, due to such impairment it is necessary or desirable for the plaintiff to be appointed guardians *ad litem* for the limited purpose of representing his interest in this lawsuit. Finally, the plaintiff's mother, Louise Mims, and the plaintiff's sister, Charnella Mims, are appropriate guardians.

**B.   Motion for Stay**

The plaintiff states he seeks a ninety (90) day stay of proceedings due to his medical condition. Specifically, the plaintiff states he needs an additional ninety days after the appointment of a guardian *ad litem* to work on his responses to discovery "at his own pace."

Additionally, the plaintiff contends a stay is more appropriate than merely an extension of time to respond because a stay would relieve the parties of other progression order deadlines.

The defendant opposes a stay longer than another thirty days. The defendant contends the plaintiff's conduct, in failing to participate in case scheduling, provide initial disclosures under Federal Rule of Civil Procedure 26(a) and responses to discovery, has already delayed the matter. Initial discovery disclosures were due on May 16, 2005. **See** Filing No. 12. However, the defendant states the plaintiff has not made such disclosures. Additionally, the defendant served the plaintiff with discovery requests on June 10, 2005. **See** Filing Nos. 14 and 15 (certificates of service). The plaintiff has not yet provided responses to the discovery. Although the defendant states it has agreed to various extensions of the response dates, no stipulations have been filed with the court. **See** NECivR 29.1. Further, the defendant has not filed any motions to compel the delinquent discovery.

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. North Am. Co.***, 299 U.S. 248, 254 (1936); **see** ***Lockyer v. Mirant Corp.***, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under ***Landis***."); ***Capitol Indem. Corp. v. Haverfield***, 218 F.3d 872, 874 (8th Cir. 2000). A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." ***Lockyer v. Mirant Corp.***, 398 F.3d at 1109; ***Jones v. Clinton***, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. **See** ***Jones***, 72 F.3d at 1365. Finally, the court has an interest in securing the just, speedy, and inexpensive determination of every action. **See** Fed. R. Civ. P. 1.

The court is sympathetic to the plaintiff's needs for additional time, however the plaintiff has the burden of prosecuting the case in a reasonable period of time. The court finds the

plaintiff has shown an inequity would result without a brief stay.  Accordingly, the court will grant the plaintiff's request of a ninety-day stay.  At the end of such period, the plaintiff should be prepared to pursue his claims in a timely fashion.

### C.        Motion for Protective Order

Certain of the plaintiff's medical records are relevant to the issues presented in the plaintiff's lawsuit.  While both parties agree a protective order should be entered to keep the plaintiff's medical records confidential, the parties dispute the manner and timing of disclosure.  The plaintiff seeks the court to enter a protective order allowing counsel for the plaintiff to first "redact from the medical records any information that is not relevant to the issues before the court."  The plaintiff offers to provide a description of the redacted materials to the defendant.  The plaintiff also seeks to prevent disclosure of the records until after a guardian *ad litem* is appointed.  The defendant opposes the plaintiff's proposal for redaction and has submitted a proposed protective order related to the medical records.  **See** Filing No. 26, Exhibit A(9).

An order protecting disclosure or discovery is granted only upon a showing of good cause.  **See** Fed. R. Civ. P. 26(c).  The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). The court finds the parties have shown good cause for issuance of a protective order to keep the plaintiff's medical records confidential.  However, the plaintiff has failed to good cause for allowing redaction of the records prior to disclosure to the defendant.  Other than the arguments made in the plaintiff's motion and brief, the plaintiff made no objection to the form or content of the defendant's draft protection order.  Accordingly, the court will enter the protective order proposed by the defendant to apply the plaintiff's medical records in this case.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion to appoint a guardian *ad litem* (Filing No. 17, part 1) is granted. Louise Mims and Charnella Mims are hereby appointed guardians *ad litem*, pursuant to Fed. R. Civ. P. 17(c), a limited guardianship to represent the interests of the plaintiff and for the sole purpose of prosecuting the instant lawsuit and any responsibilities attendant to that purpose.

2. The plaintiff's motion for a stay of progression deadlines (Filing No. 17, part 2) is granted. This matter is stayed for a period of ninety (90) days.

3. The plaintiff shall have to **on or before March 15, 2006**, to serve the mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) and responses to the defendant's outstanding discovery requests, including medical records, and file a certificates of service therefore as required by NECivR 26.1(a), 33.1(e) and 34.1(b).

4. A telephone conference with the undersigned magistrate judge will be held on **March 17, 2006, at 11:00 a.m.** for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. Defendant's counsel shall initiate the telephone conference.

5. The plaintiff's motion for a protective order (Filing No. 17, part 3) is granted to the extent the motion is consistent with the protective order entered with this order, in all other respects the motion is denied.

DATED this 15th day of December, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge