# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES MIMS, JR.,** | ) | |
| | ) | **8:04CV511** |
| **Plaintiff,** | ) | |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| | ) | |
| **UNITED PARCEL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiff's motion for a protective order (Filing No. 17) and the defendant's response (Filing No. 24). The parties agree a protective order is necessary in this case to protect documents regarding the plaintiff's medical or psychological condition. For the reasons stated in the order filed with this protective order, the plaintiff's request for redaction of certain information and a delay in production is denied. However, good cause exists for the entry of a protective order to maintain the confidentiality of the plaintiff's medical records. Upon consideration,

**IT IS ORDERED:**

1. Any documentation regarding the plaintiff's medical or psychological condition, including but not limited to such information contained in answers to interrogatories, responses to requests for admissions and medical documents (collectively referred to as "Confidential Medical Information") shall be subject to this Protective Order.

2. If Defendant believes that any material produced or disclosed in the course of discovery does not contain any of the types of information described in paragraph 1, it may, at any time, contest the applicability of this Protective Order to such material by notifying the attorneys for Plaintiff in writing and identifying the particular information or material for which the confidentiality designation is contested. If the parties are unable to come to an agreement, the Defendant may move for an Order finding that the contested material is not confidential.

3. Plaintiff may designate Confidential Medical Information by:

    (a) imprinting the word "confidential" on the first page or cover page of any document produced;

      (b)    imprinting the word "confidential" next to or above any answer to an interrogatory; or

      (c)    informing all other counsel, in writing, that certain information is Confidential Medical Information and is governed by this protective order.

4.    Defendant will designate any documents or other information produced by Plaintiff's medical providers during discovery as "confidential."

5.    Confidential Medical Information shall not be given, shown, made available, or communicated in any way by Defendant or Defendant's counsel to anyone other than:

      (a)    Defendant's attorneys and their office staffs;

      (b)    Representatives of Defendant with a legitimate need to know the information in responding to Plaintiff's claims;

      (c)    The Court and its staff;

      (d)    Court reporters to the extent necessary to conduct depositions;

      (e)    Such other persons as the Court may specifically require; and

      (f)    Such other persons as Plaintiff may agree to in writing.

6.    Before disclosing Confidential Medical Information to outside consultants and experts retained to assist in preparation for trial or settlement, counsel for the Defendant shall obtain from these individuals an agreement in writing to be bound by this Protective Order. Anyone who signs such an agreement will be bound by this Protective Order.

7.    The people to whom paragraph 5 permits disclosure of Confidential Medical Information shall not use or communicate Confidential Medical Information for any purpose other than preparation for trial, trial, appeal, or settlement of this matter.

8.    There shall be no reproduction of documents designated as Confidential Medical Information except that, as required in the course of the litigation, copies, excerpts or summaries may be shown or given to those persons authorized by paragraph 5 to receive the Confidential Medical Information.

9.    Confidential Medical Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the

Court and by those persons authorized by this Order to receive Confidential Medical Information.

10. If, at the time of trial, Defendant wants to use any Confidential Medical Information, the Defendant shall give reasonable notice of that intention to the Court and to Plaintiff, and the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such Confidential Medical Information.

11. Within ninety (90) days after the final termination of this action, including all appeals, the Defendant shall return to the Plaintiff and all copies of all documents or materials that have been designated as Confidential Medical Information under paragraphs 4 and 5 of this Protective Order, including all summaries and excerpts. Despite final termination of this action, this Protective Order shall continue to apply to all discovery covered by it.

12. This Protective Order is without prejudice to any right of Defendant to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Medical Information shall have no effect on Defendant's right to make any lawful use of such information.

13. Nothing in this Protective Order shall be deemed to prevent the Defendant or its attorneys as part of its discovery and investigation in this matter from questioning, to the extent permitted by the Federal Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Medical Information.

14. The obligations and responsibilities of the Defendant and the Defendant's counsel under this Protective Order shall continue in effect after the conclusion of the case.

DATED this 15th day of December, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge